WM. MOORE V. THE STATE.

The ruling in Higgins v. The State, decided at this term (ante 137) reiterated, to-wit: that when, under section twelve of the act of August 13, 1870, an appeal has been taken, either in a civil or criminal cause, from a justice's court to a district court, the judgment of the latter court is final, and no appeal lies to the Supreme Court.

APPEAL from Fayette. Tried below before the Hon. I. B. McFarland.

The offense was wearing firearms at an election.

*J. R. Burns,* for the appellant, moved for a rehearing, as follows: A rehearing of this case is most respectfully asked for,

on the ground that there is error in the opinion that the case having originated in a justice's court, and been appealed to the district court, the judgment of the latter court is final, and no appeal therefrom lies to this court. The court relies upon the twelfth section of the justices' court act of August 13, 1870. (Acts of 1870, 98.) It is respectfully submitted:

1. That that section relates only to appeals in "civil causes," and does not embrace appeals in criminal cases. That appeals in the latter class of cases are governed by the twenty-fifth section of the act referred to, and in that section there is nothing to limit the appeal to the district court only.

2. That if section twelve, referred to, is to be construed as embracing criminal cases, the section, as a law, is unconstitutional, for the reason that it limits the extent of the appellate jurisdiction of this court, as conferred by the Constitution, and, therefore, null and void. The constitutional jurisdiction of this court cannot be abridged by any act of legislation investing the district court with a finality of jurisdiction in any case. (Constitution, article 5, § 3.)

*Wm. Alexander*, Attorney General, for the State.—The first ground assigned in motion for rehearing needs no reply. It is simply an assertion that the word "all," in twelfth section of the act of 1870, organizing justices' courts, means not all but a part.

The second objection is that if the twelfth section referred to is understood to embrace criminal causes, it is unconstitutional, because it limits the appellate jurisdiction of this court.

By section seven, article five, of the State Constitution, it is provided that the "district court shall have appellate jurisdiction in cases originating in inferior courts, with such exceptions and under such regulations as the Legislature may prescribe."

One of the regulations the Legislature has seen proper to prescribe is, that there shall be no appeal to the Supreme Court in cases originating in justices' courts.

The Legislature is never presumed to have exceeded its powers, and violated the Constitution. (Sedgwick on Constitutional Lim., 483, and authorities there cited.)

OGDEN, J.—This case was tried before a justice of the peace for Fayette county, and defendant was therein convicted and fined, and from the judgment of the justice of the peace defendant appealed to the district court, and from the judgment of the district court he has attempted to appeal to this court. It has been decided in the case of Higgins v. The State, at this term of the court, that under section twelve of the act of the Legislature, passed August 13, 1870, where an appeal has been taken from a justice's court to the district, the judgment of the district court shall be final, without appeal to the Supreme Court. This court therefore has no jurisdiction of the case, and it is dismissed from the docket.

Dismissed.